IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ROBERT J. VOLKE,**                                              08-CV-56-BR

       **Plaintiff,**                                       OPINION AND ORDER

v.

**MICHAEL J. ASTRUE,**
**Commissioner, Social Security**
**Administration,**

       **Defendant.**


**ALAN STUART GRAF**
P.O. Box 98
Summertown, TN 38483
(931) 964-3123

       Attorney for Plaintiff

**KAREN J. IMMERGUT**
United States Attorney
**BRITANNIA I. HOBBS**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204-2902
(503) 727-1053

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**DAVID J. BURDETT**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-3748

    Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Robert J. Volke seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) and found Plaintiff ineligible for Supplemental Security Income (SSI) payments under Titles II and XVI of the Social Security Act.  Plaintiff seeks an order reversing the decision of the Commissioner and remanding this action for an award of benefits.

    This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

Plaintiff filed his applications for DIB and SSI on August 30, 2004, alleging a disability onset date of October 20, 2003. Tr. 14.[1] The applications were denied initially and on reconsideration. Tr. 44, 48. An Administrative Law Judge (ALJ) held a hearing on June 14, 2007. Tr. 370-95. At the hearing, Plaintiff was represented by an attorney. Plaintiff and a vocational expert (VE) testified.

The ALJ issued an opinion on July 24, 2007, in which he found Plaintiff was not disabled. Tr. 14-23.

The ALJ's decision became the final decision of the Commissioner on December 12, 2007, when the Appeals Council denied Plaintiff's request for review. Tr. 5-7.

## BACKGROUND

Plaintiff was born on December 27, 1958, and was 48 years old at the time of the hearing. Tr. 56. Plaintiff completed high school and one year of college. Tr. 178. Plaintiff has past relevant work experience as a delivery-truck driver and construction worker. Tr. 22.

Plaintiff alleges disability due to schizophrenia and depression. Tr. 61.

---

[1] Citations to the official transcript of record filed by the Commissioner on June 3, 2008, are referred to as "Tr."

3 - OPINION AND ORDER

The ALJ found Plaintiff has the severe impairment of schizoaffective disorder with polysubstance abuse in full remission since late 2003. Tr. 16. The ALJ also found the remainder of Plaintiff's alleged conditions are not severe. Tr. 16. The ALJ concluded Plaintiff is not disabled on the ground that he retains the residual functional capacity (RFC) to perform jobs that exist in significant numbers in the national economy. Tr. 22. Accordingly, the ALJ determined Plaintiff is not entitled to benefits. Tr. 23.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 17-19.

### **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *Reed v. Massanari*, 270 F.3d 838, 841

4 - OPINION AND ORDER

(9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins*, 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

5 - OPINION AND ORDER

## **DISABILITY ANALYSIS**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. §§ 404.1520, 416.920. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's RFC. The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20

7 - OPINION AND ORDER

C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since his October 20, 2003, onset date.  Tr. 16.

At Step Two, the ALJ found Plaintiff has the severe impairments of schizoaffective disorder with polysubstance abuse in full remission since late 2003.  Tr. 16.  The ALJ concluded the remainder of Plaintiff's alleged conditions are not severe. Tr. 16.

At Step Three, the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1.  The ALJ assessed Plaintiff's RFC and found Plaintiff did not have any exertional limitations and had the following nonexertional limitations:

8 - OPINION AND ORDER

mild restrictions in activities of daily living; mild difficulties maintaining social functioning; and mild difficulties in maintaining concentration, persistence, or pace "absent the presence of any drug or alcohol use." Tr. 20.

At Step Four, the ALJ found Plaintiff is not able to perform his past relevant work. Tr. 22.

At Step Five, the ALJ found Plaintiff is capable of performing jobs that exist in significant numbers in the local and national economies. Tr. 22. Accordingly, the ALJ concluded Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 23.

## DISCUSSION

Plaintiff contends the ALJ erred when he failed to give sufficient reasons (1) to reject Plaintiff's testimony and (2) to reject lay-witness testimony.

**I.  The ALJ properly rejected Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when he failed to give clear and convincing reasons for rejecting Plaintiff's testimony.

In *Cotton v. Bowen*, the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to

9 - OPINION AND ORDER

produce some degree of symptom.  Cotton, 799 F.2d 1403 (9th Cir. 1986), *aff'd in Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity.  *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id.*  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id.* (quoting *Lester*, 81 F.3d at 834).

When evidence in a Social Security matter is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation of the evidence and the Commissioner's conclusion.  *Tommasettie v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

Here the ALJ relied on the report of Duane Kolilis, Ph.D., examining physician, who noted Plaintiff's MMPI-2 "T score" was in the range of 80-99, which is "indicative of persons who may be malingering."  Tr. 180.  Dr. Kolilis also opined Plaintiff was

10 - OPINION AND ORDER

possibly motivated by secondary gain as to his "subjective complaints of command hallucinations and/or paranoia due to cannabis use." Tr. 181. The ALJ noted Plaintiff did not undergo any mental-health treatment until he was required to do so by the court following an assault on his neighbor. Tr. 17-18. The ALJ also found Plaintiff gave inconsistent reports of his drug and alcohol use. Tr. 17-18.

Based on this record, the Court finds the ALJ did not err when he rejected Plaintiff's testimony because the ALJ provided legally sufficient reasons based on substantial evidence in the record for doing so.

## II. The ALJ erred when he did not address the lay-witness testimony of Patricia Stribling.

Plaintiff contends the ALJ erred when he failed to address the lay-witness testimony of Mary Sipe and Patricia Stribling. Plaintiff also asserts the Court should consider lay-witness testimony not submitted to the ALJ but considered by the Appeals Council.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the

11 - OPINION AND ORDER

testimony of friends and family members."). Nevertheless, the ALJ may find the nature of a claimant's "close relationship" with a lay witness undermines her credibility when the lay witness is "possibly 'influenced by her desire to help'" the claimant. *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006). *See also Kintner v. Astrue*, No. CV-07-3048-CI, 2008 WL 680201, at *6 (E.D. Wash. Mar. 7, 2008)(lay-witness not "disinterested" or objective due to her close relationship with the claimant).

    **A.**    **The ALJ considered the testimony of Mary Sipe**.

Mary Sipe is Plaintiff's former neighbor. She notes in a written statement that she has "never seen any evidence of drug or alcohol abuse when [she has] been with [Plaintiff] or when [she has] been in his home." Tr. 120. Sipe states it is "very difficult and sometimes impossible for [Plaintiff] to remain focused for any length of time," and he is "uncomfortable in large groups." Tr. 120.

The ALJ addressed Sipe's statements in his opinion and noted Sipe acknowledged she sees Plaintiff only once a week and has not lived in his neighborhood for two years. On that basis, the ALJ concluded Sipe's "general claim of perceived sobriety" did not "rehabilitate [Plaintiff's] credibility."

The Court concludes the ALJ did not fail to address Sipe's written statement and did not err when he rejected that portion of Sipe's letter related to Plaintiff's drug and/or

12 - OPINION AND ORDER

alcohol use as insufficient to rehabilitate Plaintiff's credibility because the ALJ provided reasons germane to Sipe for doing so.

    **B.    The ALJ did not address the lay testimony of Patricia Stribling.**

Patricia Stribling, Plaintiff's sister, filled out an Adult Function Report - Third Party on October 29, 2004, in which she noted Plaintiff "[h]as a hard time being in a big group of people" and often goes weeks without bathing or washing his hair. Tr. 79.  Stribling also noted Plaintiff "can't seem to maintain relationships outside of family members [and he] can become anxious and paranoid around others but not always."  Tr. 82. Stribling noted Plaintiff's impairment affects his memory, concentration, understanding, ability to get along with others, and causes him to "hear[] things that aren't there [and] remember[] things that never were."  Tr. 83.

The ALJ did not address Stribling's report.  On this record, the Court concludes it was not harmless error for the ALJ to fail to consider or to address Stribling's testimony. Accordingly, the Court remands this matter to the ALJ for consideration of Stribling's testimony.

    **C.    Lay-witness testimony not submitted to the ALJ, but considered by the Appeals Council.**

Plaintiff submitted letters from Sister Susan McElmurry and Mike Meyers as well as an additional letter from Stribling.

13 - OPINION AND ORDER

In these letters, Sister McElmurry, Meyers, and Stribling set out their impressions of Plaintiff to the Appeals Council, which, in turn, considered them.  On remand the Court directs the ALJ to consider and to address this additional lay-witness testimony as part of his disability determination.  *See Johnston v. Astrue*, 05-CV-1528-HA, at 6-7 (D. Or. May 1, 2007)("[W]hen the Appeals Council considers materials not seen by the ALJ and concludes they provide no basis for review of the ALJ's decision, a reviewing court may consider the additional materials.")(citing 20 C.F.R. § 404.976; *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000); *Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993)).

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

With respect to future proceedings in this matter after remand, § 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)).  Under 42 U.S.C. § 406(b), "a court may allow 'a reasonable [attorneys'] fee . . . not in excess of 25 percent of

14 - OPINION AND ORDER

the . . . past-due benefits' awarded to the claimant." *Id*. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)).  Because § 406(b) does not provide a time limit for filing applications for attorneys' fees and Federal Rule 54(d)(2)(B) is not practical in the context of Social Security sentence-four remands, Federal Rule of Civil Procedure 60(b)(6) governs.  *Massett v. Astrue*, 04-CV-1006 (Brown, J.)(issued June 30, 2008).  *See also McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).  To ensure that any future application for attorneys' fees under § 406(b) is filed "within a reasonable time" as required under Rule 60(b)(6), the Court orders as follows:  If the Commissioner finds Allen is disabled on remand and awards Allen past-due benefits and if, as a result, Allen intends to submit such application for attorneys' fees under § 406(b), Allen shall submit any such application within 60 days from the issuance of the Notice of Award by the Commissioner.

    IT IS SO ORDERED.

    DATED this 16th day of March, 2009.

                                      /s/ Anna J. Brown

                                      _____
                                      ANNA J. BROWN
                                      United States District Judge